UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY ROBISON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLENCORE PLC and IVAN GLASENBERG,<br><br>Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Gary Robison ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Glencore plc ("Glencore" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1. This is a federal securities class action on behalf of a class consisting of all persons or entities other than Defendants who purchased or otherwise acquired publicly traded Glencore securities from September 30, 2016 and July 2, 2018, both dates inclusive (the "Class

Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

**NATURE OF THE ACTION**

2. Glencore engages in the production, refinement, processing, storage, transport and marketing of metals and minerals, energy products, and agricultural products worldwide.

3. Glencore is incorporated in Jersey, United Kingdom, with headquarters in Baar, Switzerland. Glencore's common stock trades on the OTC Exchange ("OTC") under the ticker symbols "GLCNF" and "GLNCY."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Glencore's conduct would foreseeably subject it to heightened scrutiny by U.S. and foreign government bodies with respect to the Company's compliance with money laundering and bribery laws and the U.S. Foreign Corrupt Practices Act ("FCPA"); and (ii) as a result, Defendants' statements about Glencore's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

5. On May 18, 2018, *Bloomberg* reported that the U.K.'s Serious Fraud Office was preparing to open a formal bribery investigation into Glencore.

6. On this news, shares of GLNCY fell $0.55 per share, or over 5%, to close at $10.13 per share on May 18, 2018, while shares of GLCNF fell $0.32 per share, or nearly 6%, to close at $5.06 per share on May 18, 2018.

7.      Then, on July 3, 2018, pre-market, Glencore disclosed that the U.S. Department of Justice issued had issued its subsidiary Glencore Ltd a subpoena to produce documents and other records in connection with its compliance with U.S. money laundering statutes and the FCPA.

8.      On this news, shares of GLNCY fell $0.86 per share, or over 9%, to close at $8.31 per share on July 3, 2018, while shares of GLCNF fell $0.41 per share, or nearly 9%, to close at $4.20 per share on July 3, 2018.

9.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

12.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b).

13.     In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired Glencore securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

15.     Defendant Glencore is incorporated in Jersey, with principal executive offices located at Baarermattstrasse 3, P.O. Box 777, Baar 6341, Switzerland.   Glencore's common stock trades on the OTC Exchange ("OTC") under the ticker symbols "GLCNF" and "GLNCY."

16.     Defendant Ivan Glasenberg ("Glasenberg") has served at all relevant times as the Company's Chief Executive Officer ("CEO").

17.     Defendant Glasenberg possessed the power and authority to control the contents of Glencore's SEC filings, press releases, and other market communications.   Glasenberg was provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.   Because of his position with the Company, and his access to material information available to him but not to the public, Glasenberg knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.   Glasenberg is liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

18.     The Class Period begins on September 30, 2016, when *Bloomberg* published an article stating that Glencore was reviewing allegations involving the bribery of officials in the

DRC said to implicate its business partner. The article quoted a statement by Glencore that the

Company "takes ethics and compliance very seriously[,]" and reported, in relevant part:

> (Bloomberg) -- Glencore Plc, the world's biggest commodity trader, is reviewing allegations by U.S. authorities regarding the bribery of officials in the Democratic Republic of Congo said to implicate its partner, Israeli billionaire Dan Gertler.
>
> Some of Gertler's projects in Congo were funded by Och-Ziff Capital Management Group LLC, which on Thursday agreed to pay more than $400 million to settle a U.S. investigation that it committed bribery violations in Africa. Och-Ziff's partner in Congo paid $100 million in bribes to government officials over a 10-year period to win access to mining assets, according to an agreement between Och-Ziff and the U.S. Justice Department.
>
> That partner was Gertler, according to a person with knowledge of the matter, who asked not to be identified because the matter is private.
>
> ***"We are aware of the matter and the allegations," Glencore said in an e-mailed statement on Friday. "Glencore takes ethics and compliance very seriously and is considering this information."***
>
> None of the allegations relate to projects involving Glencore and the company hasn't been accused of any wrongdoing. Gertler has not been charged with any crime and disputes the allegations.

(Emphasis added.)

19.     On March 2, 2017, Glencore issued its annual report, which provided its financial

results and position for the fiscal year ended December 31, 2016 (the "2016 Annual Report"). The

2016 Annual Report was signed by Defendant Glasenberg. The 2016 Annual Report provides

Glencore's policy as to complying with corruption laws, stating in relevant part:

> We are committed to complying with or exceeding the laws and external requirements applicable to our operations and products. Through this and monitoring of legislative requirements, engagement with government and regulators, and compliance with applicable permits and licences, we strive to ensure full compliance. We also seek to manage these risks through the Glencore Corporate Practice (GCP) programme. Its practical application across our business is detailed in our code of conduct (www.glencore.com/who-we-are/our-values/policies/) and this framework is reflected in our sustainability reports. The Group's anti-corruption policy may also be found at: www.glencore.com/who-we-are/our-values/policies/.

20. On March 2, 2018, Glencore issued its Annual Report for the quarter and year ended December 31, 2017 (the "2017 Annual Report"). The 2017 Annual Report was signed by Defendant Glasenberg. The 2017 Annual Report provides Glencore's policy as to corruption, stating in relevant part:

> We seek to maintain a culture of ethical behaviour and compliance throughout the Group, rather than simply performing the minimum required by laws and regulations. We will not knowingly assist any third party in breaching the law, or participate in any criminal, fraudulent or corrupt practice in any country.
>
> * * *
>
> **Bribery and corruption**
> Glencore's Global Anti-Corruption Policy . . . contains our clear position on bribery and corruption: the offering, paying, authorising, soliciting or accepting of bribes is unacceptable. We conduct analysis for corruption risks within our businesses and seek to address these risks through policies and procedures, training and awareness raising, monitoring and controls.

21. The statements contained in ¶¶ 18-20 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Glencore's conduct would foreseeably subject it to heightened scrutiny by U.S. and foreign government bodies with respect to the Company's compliance with money laundering and bribery laws and the FCPA; and (ii) as a result, Defendants' statements about Glencore's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

22. On May 18, 2018, *Bloomberg* reported that the U.K.'s Serious Fraud Office was preparing to open a formal bribery investigation into Glencore. The article stated, in relevant part:

**Glencore May Face U.K. Bribery Probe Over Congo Dealings**
By Franz Wild and Suzi Ring

The U.K.'s white-collar crime prosecutor is preparing to open a formal bribery investigation into Glencore Plc and its work with Israeli billionaire Dan Gertler and the leader of Democratic Republic of Congo, according to two people with knowledge of the matter.

Investigators at the Serious Fraud Office plan to seek formal approval for a full probe into Glencore's dealings in Congo, said the people, who declined to be identified because the matter isn't public.

* * *

U.S. hedge fund manager Och-Ziff Capital Management LLC, which funded some of Gertler's operations in Congo, admitted in 2016 to having conspired to bribe Congolese officials with the help of an unidentified Israeli businessman. Gertler has denied any wrongdoing and hasn't been charged. Glencore cut ties with him and bought out his stakes in their joint ventures shortly after the Och-Ziff settlement.

An SFO investigation would add to a growing list of legal challenges for Glencore. It's sought to distance itself from Russian oligarch Oleg Deripaska after the U.S. imposed sanctions in April. Glencore is also fighting Gertler over royalties he says the company still owes after they parted ways. And Glencore's state-owned partner in Congo is trying to dissolve a local operation, saying Glencore has overburdened it with debt. The Glencore unit says the debt situation is solvable and dissolving the business is premature.

* * *

Gertler and Glencore first invested together in a Congolese mine in 2007 and developed a close partnership over the years in the Mutanda and Katanga Mining copper and cobalt operations. In 2012, Glencore Chief Executive Officer Ivan Glasenberg said Gertler had been a "supportive" shareholder in Katanga Mining and that his involvement helped attract foreign investment to Congo.

An "SFO investigation would represent a real breakthrough in the fight to keep London-listed corporations accountable for the business they do overseas," Peter Jones from advocacy group Global Witness said in an email. "If an investigation is launched, Glencore's management is going to have to explain the opaque deals it struck with Gertler which cost the Congolese people over half a billion dollars in potential revenues."

23.     On this news, shares of GLNCY fell $0.55 per share, or over 5%, to close at $10.13 per share on May 18, 2018, while shares of GLCNF fell $0.32 per share, or nearly 6%, to close at $5.06 per share on May 18, 2018.

24.     Then, on July 3, 2018, pre-market, Glencore disclosed that the U.S. Department of Justice issued had issued its subsidiary Glencore Ltd a subpoena to produce documents and other records in connection with its compliance with U.S. money laundering statutes and the FCPA.  The announcement stated, in relevant part:

> **Subpoena from United States Department of Justice**
> **Baar, Switzerland, 3 July, 2018**
> Glencore Ltd, a subsidiary of Glencore plc, has received a subpoena dated 2 July, 2018 from the US Department of Justice to produce documents and other records with respect to compliance with the Foreign Corrupt Practices Act and United States money laundering statutes. The requested documents relate to the Glencore Group's business in Nigeria, the Democratic Republic of Congo and Venezuela from 2007 to present.
>
> Glencore is reviewing the subpoena and will provide further information in due course as appropriate.

25.     On this news, shares of GLNCY fell $0.86 per share, or over 9%, to close at $8.31 per share on July 3, 2018, while shares of GLCNF fell $0.41 per share, or nearly 9%, to close at $4.20 per share on July 3, 2018.

26.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Glencore securities during the Class Period (the "Class"); and were damaged

upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Glencore securities were actively traded OTC. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

29.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

30.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

31.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Glencore;

- whether Defendant Glasenberg caused Glencore to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Glencore's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Glencore securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded OTC and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Glencore securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

34. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

35. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

**COUNT I**
**For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder**
**Against All Defendants**

36. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

37. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

38. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Glencore securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Glencore securities and options at artificially inflated prices. In furtherance of

this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

39.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Glencore securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Glencore's finances and business prospects.

40.    By virtue of their positions at Glencore, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

41.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As a senior manager of Glencore, Defendant Glasenberg had knowledge of the details of Glencore's internal affairs.

42.    Defendant Glasenberg is liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, Glasenberg was able

to and did, directly or indirectly, control the content of the statements of Glencore.  As an officer of a publicly-held company, Glasenberg had a duty to disseminate timely, accurate, and truthful information with respect to Glencore's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Glencore securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Glencore's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Glencore securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

43.     During the Class Period, Glencore securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Glencore securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Glencore securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Glencore securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

44. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

**COUNT II**
**Violations of Section 20(a) of the Exchange Act**
**Against Defendant Glasenberg**

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. During the Class Period, Defendant Glasenberg participated in the operation and management of Glencore, and conducted and participated, directly and indirectly, in the conduct of Glencore's business affairs. Because of his senior position, Glasenberg knew the adverse non-public information about Glencore's false statements.

48. As an officer of a publicly owned company, Defendant Glasenberg had a duty to disseminate accurate and truthful information with respect to Glencore's financial condition and results of operations, and to correct promptly any public statements issued by Glencore which had become materially false or misleading.

49. Because of his position of control and authority as a senior officer, Defendant Glasenberg was able to, and did, control the contents of the various reports, press releases and public filings which Glencore disseminated in the marketplace during the Class Period

concerning Glencore's results of operations. Throughout the Class Period, Glasenberg exercised his power and authority to cause Glencore to engage in the wrongful acts complained of herein. the unlawful conduct alleged which artificially inflated the market price of Glencore securities.

50. Defendant Glasenberg, therefore, acted as a controlling person of Glencore. By reason of his senior management position, Glasenberg had the power to direct the actions of, and exercised the same to cause, Glencore to engage in the unlawful acts and conduct complained of herein. Glasenberg exercised control over the general operations of Glencore and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

51. By reason of the above conduct, Defendant Glasenberg is liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Glencore.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: July 11, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

***Attorneys for Plaintiff***

**Submission Date**

2018-07-10 13:41:38

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1. I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Glencore plc ("Glencore" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Glencore securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Glencore securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Glencore securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

## Name

**Print Name**

Gary Robison

## Acquisitions

**Configurable list (if none enter none)**

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
|---|---|---|
| 03/05/2018 | 100 | 4.98 |

## Sales

# Documents & Message

**Upload your brokerage statements showing your individual purchase and sale orders.**



**Signature**



**Full Name**

Gary Robison



**GLENCORE PLC (GLNCY; GLCNF)** **Robison, Gary**

**LIST OF PURCHASES AND SALES**

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 3/5/2018 | Purchase | 100 | $4.9800 |